Avery, J.
Upon the first question presented in this case, it may be said, that the certificate of bankruptcy, would doubtless have constituted a good defence at any stage of the proceedings, if the bankrupt had chosen to make it, and it admits of as little doubt, that the bankrupt in the present case had it in his power to make the defence. He was a party defendant, and therefore knew or had the opportunity to know all the proceedings in the case; and the final decree against him was not rendered till about two years after he had obtained his certificate. This bankruptcy is not to be likened to the death of a defendant, while proceedings are pending against him, and before a judgment or decree rendered, because, notwithstanding his bankruptcy, he will be liable -for his acts, and upon all his contracts subsequently made, and may bind himself to pay a debt existing before as well as one existing after his bankruptcy. There is no reason, then, why a judgment against him should be held to be erroneous, as in the case of a judgment rendered after the defendant’s death. Accordingly the books treat a suit after the bankruptcy of one of the parties is made to appear in the case, as defective, but not abated. The property and claims of the bankrupt all pass to the assignee, and it may become necessary in the progress of the trial, to make the assignee a party to the suit, either plaintiff *364 or defendant, in order to secure any beneficial results from the This may be important, to the bankrupt himself, to the assignee and the creditors, of whose interests he has the charge, and to other parties in the suit. Story’s Equity Pleadings, sections 329, 849, and notes.
Since, then, a suit is not abated because a party to it has become bankrupt, and since he has still the general right to sue and is liable to be sued, it must follow that a judgment or decree against him may be valid — that it is not of course erroneous. But further this certificate of bankruptcy may be impeached. If obtained by fraud, this fact may be shown, when it will furnish no protection to the party, and can be of no avail to him for any purpose. Fraud in procuring the beneefit of the act, may be proved, whenever the certificate is presented upon the trial of the cause, as well when the claim existed before as after the bankruptcy. The first cause assigned is therefore not sufficient; the decree is not erroneous because of the defendant’s bankruptcy.
The second exception to the decree is well taken. Not in allowing to the judgment creditors who had filed that bill, the right to proceed against all the debtors, though their debts jointly, and even the complainants’ debt alone greatly exceeded the amount required to satisfy the claim. For it could not be known how much could actually be collected by the sheriff from any one of the debtors. But the only object of the bill was, to obtain authority to satisfy the complainants’ demand. There was no case made for collecting the money for the use of the judgment debtor and to be paid over in part or in whole to him. The rights of the judgment debtor and his debtor, as between themselves, were not litigated in the case and could not be settled. The part of the decree which directs the payment of any balance to Griffith’s administrators is erroneous and is reversed.